IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

XAVIER DANIELS,

    Plaintiff,

v.

MANAGER UPTON; WARDEN ROBERT TOOLE; and WARDEN STANLEY WILLIAMS,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-94

## O R D E R

Presently before the Court is inmate and non-party Waseem Daker's ("Daker") Motion for Intervention. (Doc. 41.) Plaintiff filed this *in forma pauperis* action on July 7, 2016, pursuant to 42 U.S.C. § 1983. (Doc. 1.) After the Court conducted the requisite frivolity review, Plaintiff was allowed to proceed with his due process claims for injunctive relief and nominal damages. (Doc. 12.) On February 7, 2017, Daker filed his Motion for Intervention. (Doc. 41.) For the reasons which follow, the Court **DENIES** Daker's Motion.

Rule 24 of the Federal Rules of Civil Procedure allows a non-party to intervene in an ongoing action if certain conditions, laid out by the Rule, are met. Fed. R. Civ. P. 24. Daker seeking to intervene and become a party to this case is akin to multiple prisoner-plaintiffs seeking to proceed *in forma pauperis* ("IFP") in the same cause of action. The Eleventh Circuit Court of Appeals has considered the issue of whether "the Prisoner Litigation Reform Act ["PLRA"] permits multi-plaintiff [IFP] civil actions." Hubbard v. Haley, 262 F.3d 1194, 1196 (11th Cir. 2001). In Hubbard, the Court of Appeals noted that "the intent of Congress in

promulgating the PLRA was to curtail abusive prisoner tort, civil rights and conditions of confinement litigation." Id. (citing Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997)). After interpreting the PLRA, the Eleventh Circuit upheld a district court's dismissal of a multiple-prisoner/plaintiff lawsuit wherein the plaintiffs sought to proceed *in forma pauperis* together. The Eleventh Circuit concluded that "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal [IFP], the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)). Specifically, the Eleventh Circuit affirmed the following procedure:

> The district court never reached the merits of the case, but instead dismissed the case, finding that each plaintiff had to file a separate complaint and pay a separate filing fee. To facilitate its ruling, the district court indicated that it would open a new suit with a separate number in each of the plaintiff's names and consider the original complaint to be their complaints. The majority of the 18 plaintiffs had already filed separate petitions to proceed IFP. The court directed each of the remaining plaintiffs to file his own form complaint and petition to proceed IFP. The court then dismissed the original multi-plaintiff complaint without prejudice.

Id. Ultimately, the Eleventh Circuit determined that "the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee[.]" Id.

Plaintiff is proceeding *in forma pauperis* in this action. Allowing Daker to intervene in this action would circumvent the Congressional purpose in promulgating the PLRA. Id. at 1197–98. That is, "[t]he modest monetary outlay will force prisoners to think twice about the case and not just file reflexively." Id. at 1198 (quoting 141 Cong. Rec. S7526 (May 25, 1995) (statement of Sen. Kyle)). Additionally, allowing Daker to intervene would directly contradict the Eleventh Circuit's conclusion that "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal [IFP], the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)); see also Bowens v. Turner Guilford Knight Det., 510 F. App'x 863 (11th Cir. 2013) (affirming dismissal of complaint under

2

Hubbard, in which six inmates joined claims in a single suit); Garcia v. McNeil, No. 4:07CV474-SPM/WCS, 2010 WL 4823370, at *2 (N.D. Fla. Aug. 12, 2010), *report and recommendation adopted*, No. 4:07-CV-474-SPM WCS, 2010 WL 4818067 (N.D. Fla. Nov. 22, 2010) ("Hubbard decided that since every prisoner must pay a full filing fee, and since other litigants who join together in one complaint pay only one filing fee, prisoners cannot join under Rule 20. That means that the prisoners here, who have a lawyer and who do not pursue frivolous claims, cannot join under Rule 20 in light of Hubbard—even if each of them pays [the filing fee]. This court is bound by Hubbard.").

Eleventh Circuit law clearly prohibits multiple prisoner plaintiffs from proceeding *in forma pauperis* in the same civil action.[1] Consequently, the Court **DENIES** Daker's Motion for Intervention.

**SO ORDERED**, this 17th day of February, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Even if such clear precedent did not exist, Daker would still be prohibited from proceeding. Daker asserts that he has a "direct, substantial, legally protectable interest in the proceedings" because he is also an inmate in the Georgia Department of Correction's Tier II program. (Doc. 41, p. 3.) This broad, conclusory assertion is insufficient to meet the requirements set out by Federal Rules of Civil Procedure Rule 24 for either intervention as a matter of right or permissive intervention. Fed. R. Civ. P. 24(a)(2) & (b)(2).

3