IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| XAVIER DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>MANAGER UPTON; WARDEN ROBERT TOOLE; and STANLEY WILLIAMS,<br><br>Defendants. | CIVIL ACTION NO.: 6:16-cv-94 |

## ORDER

Presently before the Court is third party Waseem Daker's Objections, (doc. 44), to the Court's Order dated February 17, 2017, (doc. 43). The Court construes Plaintiff's Objections as a Motion for Reconsideration of the Court's February 17, 2017, Order.[1]

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond Cty., No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re

---

[1] Daker filed an Objection to the Court's final Order, and as such, Daker's instant Objection is most properly cast as a Motion for Reconsideration. Fed. R. Civ. P. 59(e). "Courts generally 'must look beyond the labels of [filings] by *pro se* [parties] to interpret them under whatever statute would provide relief.'" Edwards v. Hastings, No. 2:14-CV-41, 2016 WL 686386, at *1 (S.D. Ga. Feb. 18, 2016) (quoting Lofton v. Williams, No. CV415-146, 2016 WL 126408, at *2 (S.D. Ga. Jan. 11, 2016) (first alteration in original)) (citing Means v. Ala., 209 F.3d 1241, 1242 (11th Cir. 2000) (concerning *pro se* inmates); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); Wilkerson v. Georgia, 618 F. App'x 610, 611–12 (11th Cir. 2015)).

Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

The Court discerns no reason to grant Daker's Motion for Reconsideration. Here, Daker does not present any newly-discovered evidence or manifest errors of law or fact. Daker simply reasserts the arguments from his Motion for Intervention.[2] The Court already discussed at length the law supporting its holding that Daker may not intervene in this case. (Doc. 43.) The Court sees no error in that analysis, much less clear error warranting reconsideration.

For all of the above-stated reasons, as well as those included in the Court's February 17, 2017, Order, the Court **DENIES** Daker's Motion for Reconsideration, (doc. 43). The Court's Order dated February 17, 2017, (doc. 43), remains the Order of the Court.

**SO ORDERED**, this 27th day of March, 2017.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Daker also attempts to apply the United States Supreme Court's holding in Jones v. Bock, 549 U.S. 199 (2007), to this Court's analysis of multiple prisoner-plaintiff *in forma pauperis* proceedings. (Doc. 44, pp. 2–3.) Jones addressed the administrative exhaustion requirement of the Prison Litigation Reform Act ("PLRA") and is inapplicable to the Court's denial of Daker's Motion for Intervention.

2